# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DAVID CARPENTER,**

 **Plaintiff,**

v.               Case No. 8:19-cv-1081-T-02AAS

**RAZZA HORTA,** *Correctional Officer, et al.,*

 **Defendants.**
_____/

## ORDER

This cause comes before the Court on a document filed by Plaintiff David Carpenter titled "A Temporary Restraining Order" (Doc. 15), which the Court construes as a motion for temporary restraining order.

The Federal Rules of Civil Procedure provide that:

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Ultimately, the issuance of a temporary restraining order or preliminary injunction is an extraordinary remedy, and a party seeking imposition of a temporary restraining order must demonstrate:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Siebert v. Allen*, 506 F.3d 1047, 1049 (11th Cir. 2007) (citing *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–27 (11th Cir. 2005)); *Suntrust Bank v. Houghton Mifflin Co.*, 252 F. 3d 1165, 1166 (11th Cir. 2001); *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)).

The Local Rules of the United States District Court for the Middle District of Florida further require a motion for temporary restraining order to:

> (i) describe precisely the conduct sought to be enjoined; (ii) set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Fed.R.Civ.P.; (iii) be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d), Fed.R.Civ.P.; and (iv) should contain or be accompanied by a supporting legal memorandum or brief.

Local Rule 4.05(b)(3), M.D. Fla. Additionally, the brief or legal memorandum accompanying the motion must address:

> (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any.

Local Rule 4.05(b)(4), M.D. Fla.

Plaintiff's construed motion contains merely the following language in the form of a proposed temporary restraining order addressed to Defendant Department of Corrections:

> It is further ordered that[,] effective immediately[,] and pending the hearing and determination of this order to show cause[,] the Defendant Department of Corrections and each of their officers[,] agents[,] employers[,] employees[,] and all persons acting in concert or participation with them are restrained from harrassment [sic][,] destruction of legal mail, legal cases, personell [sic] property, photographs[,] and personell [sic] mail, visits[,] harassment [sic], phone privileges[,] and canteen privileges, emails, kiosk, tablet, safety concerns on general compound, medical treatments[.] It is further order[ed] that the order to show [cause] and all other papers attached to this application be served on the aforesaid Plaintiffs [sic] by Date 10/8/19[.]

(Doc. 15).

The construed motion fails to provide a memorandum of any kind or any argument addressing the prerequisites to temporary or preliminary injunctive relief. Accordingly, Plaintiff has failed to demonstrate that immediate and irreparable

3

injury, loss, or damage will result to him before the Defendant Department of Corrections can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1).

Accordingly, it is **ORDERED** that Plaintiff's construed motion for temporary restraining order (Doc. 15) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, this 16th day of October, 2019.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE