UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAVID CARPENTER,**

    **Plaintiff,**

v.                                            Case No. 8:19-cv-1081-T-02AAS

**RAZZA HORTA, et al.,**

    **Defendants.**
_____/

## ORDER

This cause comes before the Court on the following matters:

1. Plaintiff David Carpenter has filed an amended civil rights complaint (Doc. 12) under 42 U.S.C. § 1983. Upon review, *see* 28 U.S.C. § 1915A, because Plaintiff has failed to set forth his claims adequately, he will be required to submit a second amended complaint.

Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. In the section entitled "Statement of Facts," he must clearly describe how each named defendant is involved. Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required

to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979).

To the extent Plaintiff attempts to allege an Eighth Amendment violation with regard to his medical care (Doc. 12 at 4), he must show that the failure to provide him medical care amounted to cruel and unusual punishment under the Eighth Amendment of the United States Constitution. In order to do so, Plaintiff must first "set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Mere disagreement with the mode or amount of treatment does not establish deliberate indifference. *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991). Instead, "[a]n objectively insufficient response by public officials to a serious medical need must be poor enough to constitute an unnecessary and wanton infliction of pain." *Loeber v. Andem*, 487 F. App'x 548, 549 (11th Cir. 2012) (citing *Estelle*, 429 U.S. 97).

Plaintiff should be aware that the Florida Department of Corrections has immunity under the Eleventh Amendment, and, therefore, is not amenable to suit under Section 1983. *Leonard v. Dep't of Corr. Fla.*, 232 F. App'x 892, 894 (11th Cir. 2007) (citing *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989)).

Moreover, to demonstrate liability on the part of Defendant Centurion, which Plaintiff claims is the contracted medical provider for the Department of Corrections,

2

Plaintiff must show that a constitutional violation occurred or was caused by a policy or custom. *Monnell v. Dep't of Social Serv. of the City of New York*, 436 U.S. 658 (1978). Defendant Centurion cannot be liable for the acts of its employees on a theory of *respondeat superior*. *Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1997). To establish liability based on custom, Plaintiff must demonstrate a "widespread practice that, although not authorized by law or . . . express policy, is so permanent and well[-]settled as to constitute a custom or usage with the force of law." *Griffin v. City of Opa-Locka*, 26 F.3d 1295, 1308 (11th Cir. 2001).

Plaintiff should not include argument in his amended complaint. Citations of case law and statutes are not appropriate in the complaint, but rather may be included at the time of trial or in a motion for summary judgment.

If Plaintiff intends to allege a number of related claims, then he must set forth each claim in a separate paragraph in the same complaint. However, if the claims are not related to the same basic issue or incident, then each claim must be addressed in a separate complaint. Furthermore, Plaintiff must complete a new civil rights complaint form for the unrelated claim. The Clerk of the Court will then assign a new case number for the separate complaint and inform Plaintiff of the new case number. Of course, Plaintiff should file an amended complaint in this action by placing the case number in this action on a civil rights complaint form and choosing

one of the claims to proceed with in this action. Plaintiff may at any time request more civil rights complaint forms for those unrelated claims.

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint on the form, marking it **Second Amended Complaint**. The amended complaint must include all of Plaintiff's claims in this action; it may not refer back to or incorporate the original or amended complaint. **The second amended complaint supersedes the original and amended complaints, and all claims must be raised in the second amended complaint.**

Plaintiff shall amend his complaint as described above **within TWENTY-ONE (21) DAYS** from the date of this Order. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action without further notice.**

2. Plaintiff shall immediately advise the Court of any change of address. He shall entitle the paper "Notice to the Court of Change of Address" and not include any motions in it. This notice shall contain *only* information pertaining to the address change and the effective date of such.

3. Plaintiff should not correspond with the Court in letter form. Plaintiff should file a pleading or motion with a title. The title should be a brief summary of the contents of the pleading or motion. As a matter of course, the Court will not respond to Plaintiff's letters. Nor will a district or magistrate judge respond to

personal correspondence when it pertains to a pending case. This policy is in keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties. Accordingly, their decisions and opinions are, quite properly, only delivered in response to those legal instruments filed with the Clerk's office in accordance with governing rules of procedure. The Court will strike and return any correspondence addressed directly to a district judge or magistrate judge.

4. The Clerk is **DIRECTED** to mail to Plaintiff a copy of the standard civil rights complaint form along with this Order.

**DONE AND ORDERED** in Tampa, Florida, this 24th day of October, 2019.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE