UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAVID CARPENTER,**

    **Plaintiff,**

v.                                              Case No. 8:19-cv-1081-T-02AAS

**RAZZA HORTA, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court on Plaintiff's Second Amended Civil Rights Complaint (Doc. 24) filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate proceeding in this case *pro se*.

### A. Section 1915

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In addition, 28 U.S.C. § 1915(e) directs courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972) (explaining that *pro se* complaints are "h[eld] to less stringent standards than formal pleadings drafted by lawyers.").

## B. Section 1983

Plaintiff states that his claims against Defendants arise under Title 42 United States Code Section 1983. (Doc. 7). "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a Section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* Thus, a plaintiff must

show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. *Id.*

C. **Analysis**

Citing the Eighth Amendment, Plaintiff has filed suit against Correctional Officer Razza Horta and Sergeant R. Grice in their individual and official capacities, and against Centurion of Florida in its official capacity. (Doc. 24 at 3–4). Plaintiff alleges that, on September 11, 2018, Defendant Horta carelessly threw a ball back to an inmate in the recreation yard, causing Plaintiff to attempt to dodge the ball. The ball hit him in the ankle, causing him to slip in the mud and fracture his ankle. Defendant Grice did not allow Plaintiff access to a wheelchair on the recreational yard and told him he would have to crawl off the yard if he wanted to go to the infirmary. (Doc. 24 at 5–6). Plaintiff claims his ankle was fractured, that he had a cast put on it twenty-five days later, that the cast was on for twenty-eight days, and that he was given no pain medications. (Doc. 24 at 6). He complains that he was not given surgery to correct the damage to his ankle and that he suffers constant foot and ankle pain. (*Id.*). He seeks both compensatory and punitive damages. (Doc. 24 at 6).

To allege an Eighth Amendment violation with regard to his medical care, Plaintiff must show that the failure to provide him medical care amounted to cruel and unusual punishment under the Eighth Amendment of the United States Constitution. The Eleventh Circuit has explained that,

3

> To state an Eighth Amendment claim under § 1983, a prisoner must allege facts to satisfy both an objective and subjective inquiry regarding a prison official's conduct. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Under the objective component, a prisoner must allege a prison condition that is so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety. To satisfy the subjective component, the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotation marks and citations omitted).

*Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Mere disagreement with the mode or amount of treatment does not establish deliberate indifference. *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991). Instead, "[a]n objectively insufficient response by public officials to a serious medical need must be poor enough to constitute an unnecessary and wanton infliction of pain." *Loeber v. Andem*, 487 F. App'x 548, 549 (11th Cir. 2012) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).

Plaintiff has failed to satisfy that standard here. Plaintiff's Second Amended Complaint demonstrates that he was permitted to go to the infirmary and that he was ultimately seen and treated by medical professionals. Although he apparently desired a wheelchair to get off the recreational yard and believes surgery could help relieve his pain, he describes nothing that demonstrates any Defendant's conduct

4

amounted to more than mere negligence or a disagreement over the mode or amount of treatment.

Further, as explained in the Court's October 24, 2019 Order requiring Plaintiff to amend his complaint (Doc. 18 at 2–3), to demonstrate liability on the part of Defendant Centurion, Plaintiff must show that a constitutional violation occurred or was caused by a policy or custom, *Monnell v. Dep't of Social Serv. of the City of New York*, 436 U.S. 658 (1978), because Defendant Centurion cannot be liable for the acts of its employees on a theory of *respondeat superior*. *Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1997). Plaintiff has failed to allege any facts to make that showing here.

Finally, a claim against a defendant in his official capacity is a suit against the entity of which the named defendant is an agent — here, the Florida Department of Corrections. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). As the Eleventh Amendment bars litigation in federal court for monetary damages against the state, *see e.g., Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986), to the extent that Plaintiff sues Defendants Horta and Grice in their official capacities for damages, those claims are barred by the Eleventh Amendment and are due to be dismissed.

Accordingly, it is **ORDERED** that:

1. This case is **DISMISSED** for failure to state a claim upon which relief may be granted.

2. The Clerk of the Court is directed to terminate any pending motions, enter Judgment, and close this case.

**DONE AND ORDERED** in Tampa, Florida, this 13th day of December, 2019.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE